**BLACKWELL INDUSTRIAL FOUNDA-
TION, INC., Appellant,**

v.

**TEXSTAR CORPORATION, Appellee.**

No. 9398.

United States Court of Appeals
Tenth Circuit.

Jan. 11, 1968.

Robert D. Looney, of Watts, Looney, Nichols & Johnson, Oklahoma City, Okl., for appellant.

R. C. Jopling, Jr., Oklahoma City, Okl. (Fred A. Gipson, and Fowler, Rucks, Baker, Jopling, Gramlich & Mee, Oklahoma City, Okl., with him on the Brief), for appellee.

Before PICKETT, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant herein as plaintiff commenced this action on a contract against appellee. The case was tried to the court and judgment was rendered for the defendant, and this appeal has been taken.

The appellant is a corporation formed in Blackwell, Oklahoma, for the purpose of attracting industry to that city. It had previously made arrangements with a corporation known as the Fly-A-Way Components, Inc., whereby that firm moved its business to Blackwell, and appellant became a stockholder in the corporation. While the corporation was operating the small manufacturing plant in Blackwell, financial difficulties were encountered. At this point, a representative of appellee came to Blackwell to negotiate an agreement with the appellant whereby appellee became a majority stockholder of Fly-A-Way. A contract was executed between the parties, which stated in part that the appellee would provide general and administrative supervision of Fly-A-Way at no charge except direct cost, that supplies and materials would be sold by appellee tc Fly-A-Way at cost, and Fly-A-Way would execute pledges and chattel mortgages to protect appellee's accounts receivable for materials so furnished. The parties further agreed that appellee could make loans to Fly-A-Way to be secured by a mortgage on Fly-A-Way's property. The agreement also recited that appellee's present intention was to continue the corporation's operation in Blackwell, but an express provision was inserted to permit the business to be moved at any time. The agreement also made provision for liquidation and

dissolution of Fly-A-Way in the event that appellee's sound judgment indicated this should be done. In the event that appellee reached such a decision, the agreement provided it should advise the appellant which then would have an option to purchase the shares of stock in the corporation owned by appellee. If the option was not exercised it was agreed that appellee could proceed with the dissolution.

The agreement between the parties relative to Fly-A-Way also contained a provision which became the subject of the principal contention between the parties in this action. This provision reads as follows:

"In the event Texstar [appellee] decides to take steps of whatever kind to effect what shall amount to a 'merger' or 'consolidation' whether formally or informally, whether by the purchase or acquisition of the assets of Fly-A-Way, or, by the consolidation or by the merger of Texstar and Fly-A-Way, whether by dissolution of Fly-A-Way or liquidation of it or by one means or another, even though the corporate existence of Fly-A-Way be continued, or, by any other means, then and in any of such events Texstar agrees to pay the Foundation the sum of $20,-000.00 for the Foundation's stock in Fly-A-Way upon the following terms and conditions, to-wit: * * *."

The record shows that Fly-A-Way and its physical assets were moved by the appellee to Texas and there were operated in the same plant and facilities in which appellee conducted its operations. There were some personnel used in common by both corporations, and other common services provided to both corporations. There was no change in the corporate entity of Fly-A-Way, and in Texas it continued to manufacture essentially the same products as it had before. Appellee there manufactured other products. Separate accounting was had for each corporation, and assets and supplies were sold between them.

■ The appellant contends that by reason of this operation in a common fa-

cility, and with the other services provided in common to both corporations, the provision in the contract which is quoted above relative to an informal merger became operative. Demand was made on appellee by the appellant for the sum indicated in the quoted paragraph. The appellee responded that it was of the opinion that a liquidation of Fly-A-Way was in order, and gave appellant notice that under the contract, it had an option for thirty days to purchase the stock owned by appellee, and if it did not do so, liquidation would proceed. The option was not exercised, and the assets of Fly-A-Way were sold to third parties.

Appellant in this appeal thus urges that the trial court was in error in finding that there was no merger or consolidation of Fly-A-Way with the appellee under the agreement; and that the contract provision relating thereto never became effective. Appellant argues that the use of the common facilities and personnel accomplished such an informal "merger" under the circumstances.

■ Appellant cites authorities which hold that under a variety of circumstances separate corporate entities can be ignored, and there is no question that this may be done. Appellant acknowledges that the ownership of stock in one corporation by another does not of itself destroy the corporate entity. It is also established that under some situations where two corporations are operated as one, and reliance is placed thereon by third parties, the two may be regarded as one. However the problem here arises directly between the parties to the contract, and thus is a matter of construction of the agreement. The use in the contract of terms that have no recognized legal meaning adds to the problem. There is really no such thing as an "informal" merger, as appellant urges, because a merger or consolidation, if their established definitions are used, can be accomplished only by formal proceedings. Thus an "informal" merger is a contradiction of terms. Appellant cites no authority otherwise which is of assistance on this point, and we find none. The

agreement mentions several steps by which the "prohibited" action may be accomplished. They give some assistance in arriving at the meaning of the contract. These steps include purchase by appellee of the assets of Fly-A-Way, a merger by means of liquidation of Fly-A-Way, or "by one means or another," or "by any other means," including the purchase of assets. The specific steps did not take place, and the general terms such as "by one means or another" are of little meaning or substance. Appellant in its brief does not develop any real significance to these terms.

Appellant urges that appellee wrote the agreement, and it should be construed against it. This may be so but there is no real ambiguity but instead an absence of real meaning.

The record supports the findings and conclusions of the trial court which are clearly and succinctly set out in its judgment.

Affirmed.